**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

GARY T. POOLE                                                                                  CIVIL ACTION NO.
                                                                                                            06-3213

VERSUS

SMITH INTERNATIONAL, INC.                                                           Section M

**ORDER**

Before the Court is Defendant's Motion to Dismiss and Motion to Strike Plaintiff's Summary Judgment Evidence which is opposed by Plaintiff and which came for hearing on November 14, 2007, with oral argument. Upon consideration of the motions, the briefs, that argument by both sides and the applicable law, the Court grants the Motion for Summary Judgment.

**FACTS:**

This is an American with Disabilities Act (ADA) case. Plaintiff Gary Poole alleges that Smith International, Inc. (Smith) discriminated against him based on an alleged disability, bipolar disorder and depression.

Smith operates a facility in Houma, Louisiana from which it dispatches fishing tools and services to various exploration and production jobs in the Gulf Coast region, both offshore and onshore. The facility operates twenty-four hours per day, seven days per week, to handle the customer's needs. Smith's Houma fishing tool facility employed between seventeen and

twenty employees in 2004.  There were four fishing tool coordinator positions.  The fishing tool coordinators receive call from customers, coordinate the locating, pulling, and loading of tools for jobs, dispatch tools to job locations, complete paperwork, receive incoming tools, and perform other tasks as needed.  The fishing tool coordinators are divided into two teams of two coordinators, working complementary seven days on and seven days off shifts.  Smith provides living quarters at the Houma site, including a sleeping area and kitchen, for the fishing tool coordinators.   Smith also operates facilities in Kilgore, Texas and Alice, Texas where they service the onshore operations.  At those locations, the coordinators are not required to work  24 hours, 7 days on and 7 days off, but are on call 24 hours per day.

Poole became a Smith employee when Smith acquired Tri-Tech Fishing Services in 197l.  Since that time and until his leave of absence in November 2004 and subsequent termination in September 2005, Smith employed Poole as a fishing tool coordinator.  During his employment with Smith, Poole was generally regarded as a good performer and an asset to the Houma facility.

In the spring of 2004, Poole started to notice that he was feeling bad, and became concerned that he might suffer from depression.  He was diagnosed with major depressive disorder, single episode, moderate, by a psychiatrist, Dr. Griselda Gutniski. In November 2004, Poole began a leave of absence, and Smith provided him with short-term disability benefits.  Poole exhausted his short-term disability benefits in May 2005, and applied unsuccessfully for long-term disability benefits.  Poole's psychiatrist, Dr. Gregg Hunter reported that Poole's condition was improved, that he was under moderate limitation for his mental impairment, and that he could return to part-time work.  Dr. Hunter also stated that while Poole's condition had stabilized due to medication, he could not return to work on a

seven and seven schedule because he needed adequate sleep.  Smith also had some concern regarding Pool's ability to operate machinery on his medication.  Because he was unable to return to his job as a fishing tool coordinator working a seven and seven schedule and because there were no other jobs in Houma for which Poole was qualified, Smith terminated Poole's employment on September 14, 2005.

**ANALYSIS:**

This case is brought under the Americans with Disabilities Act where  circumstantial evidence is offered to show the alleged unlawful discrimination.  As such, the McDonnell Douglass[1] Title VII burden-shifting analysis is used.  Under this framework a plaintiff must first make a prima facie showing of discrimination by establishing that he is disabled or is regarded as disabled by his employer that he is qualified for the job, that he was subjected to an adverse employment action on account of his disability, and that he was replaced by or treated less favorably than non-disabled employees.

Once the plaintiff makes his prima facie showing of his disability, the burden then shifts to the defendant-employer to articulate a legitimate, non-discriminatory reason for the adverse employment action.  Once the employer articulates such a reason, the burden then shifts back upon the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination.

In this case, Poole  was on short term disability for his mental condition.  By July 2005, Poole's condition had stabilized with medication and he was cleared to return to work, albeit with restrictions.

---

[1] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)

Smith responds that its reason for the adverse employment action was that Poole could no longer perform the essential functions of the job, one of which was working on a 24-hour per day shift, seven days on and seven days off. Because Poole was unable to perform the essential functions of his job with or without accommodation and there were no other jobs available, Smith alleges that it had no choice but to terminate Poole's employment. As this Court finds Smith had a legitimate non-discriminatory reason for the termination, the burden shifts to Poole to prove that the articulated reason was merely a pretext for discrimination. Poole has not done so. He brings no evidence to refute Smith's allegation that a fishing tool coordinator in Houma, Louisiana must be able to work 24 hours at a time to respond to offshore emergencies.

Because Poole has not rebutted this articulated reason for termination nor proved that the reason was merely a pretext for discrimination, summary judgment is appropriate.

**Acccordingly**, the Motion is **GRANTED.**

New Orleans, Louisiana, this 15th day of November 2007.

Peter Beer
United States District Court

4